UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

FRED YOUNG and JEFF FIRMAN,

    Plaintiffs,

v.                                                      Case No. 8:22-cv-2894-MSS-CPT

PANERA, LLC,

    Defendant.
_____/

**O R D E R**

Before the Court is *Defendant Panera, LLC's Motion for Court Approval of Confidentiality and Protective Stipulation*. (Doc. 41). For the reasons set forth below, the Defendant's motion is denied without prejudice.

The issuance of protective orders is governed generally by Federal Rule of Civil Procedure 26(c). That rule provides that, upon a showing of good cause, a court may issue a protective order "requiring that a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a specified way." Fed. R. Civ. P. 26(c)(1)(G); *see also Chicago Tribune Co. v. Bridgestone/Firestone, Inc.*, 263 F.3d 1304, 1313 (11th Cir. 2001) (per curiam).

While Rule 26(c) supplies the starting point for analyzing the merits of the proposed protective order, it does not end the inquiry. The Court's Case

1

Management and Scheduling Order in this action contains a paragraph that specifically addresses the type of relief sought by the parties here. (Doc. 9 at 5). That provision advises:

> The parties may reach their own agreement regarding the designation of materials as "confidential." *There is no need for the Court to endorse the confidentiality agreement. The Court discourages unnecessary stipulated motions for a protective order.* The Court will enforce stipulated and signed confidentiality agreements.

*Id.* (emphasis added). The Defendant neither references this language in its motion, nor explains why the Court should admit an exception to it in this case. *See* (Doc. 41).

Defendant's proposed protective order is deficient in another respect as well. It states in paragraphs 10 and 15:

> Subject to the Federal Rule[s] of Evidence, Confidential Information may be offered into evidence at trial or at any hearing or oral argument, provided that the proponent of the evidence containing Confidential Information gives reasonable advance notice to the Court and counsel for the producing or designating party. Any party may move the Court for an order that the evidence be received in camera or under other conditions to prevent unnecessary disclosure. If presented at trial, the status of evidence as Confidential Information shall not be disclosed to the finder of fact.
>
> * * *
>
> No stamped "Confidential" documents shall be filed with the Court without further Order of th[e] Court.

(Doc. 41-1). Notably absent from these paragraphs is any mention of the requirement that the parties establish to the Court's satisfaction why sealing the referenced Confidential Information is necessary in the first place. *See* M.D. Fla. R. 1.11(b), (c).

As a result, these latter paragraphs appear to be improper as well, insofar as they suggest that the Court will mechanically seal any item at the parties' behest. *See* M.D. Fla. R. 1.11(a) (reaffirming the public's qualified constitutional and common law right of access to materials filed in a case and prohibiting the submission of documents under seal absent a compelling justification). Moreover, to the extent these paragraphs contemplate the filing of another person's confidential item, they fail to acknowledge the strictures of Local Rule 1.11. *See* M.D. Fla. R. 1.11(d).

In light of the above, *Defendant Panera, LLC's Motion for Court Approval of Confidentiality and Protective Stipulation* (Doc. 41) is denied without prejudice.

SO ORDERED in Tampa, Florida, this 15th day of March 2024.

*[signature]*
HONORABLE CHRISTOPHER P. TUITE
United States Magistrate Judge

Copies to:
Counsel of record