UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**FRED YOUNG and JEFF FIRMAN,**

    **Plaintiffs,**

**v.**                                                                            Case No: 8:22-cv-2894-MSS-CPT

**PANERA, LLC,**

    **Defendant.**

_____

**<u>ORDER</u>**

    **THIS CAUSE** comes before the Court for consideration of the matters raised at the May 30, 2024 pre-trial conference. Upon consideration of the relevant filings, case law, and for the reasons set forth on the record at the hearing, the Court hereby **ORDERS** as follows:

1. Plaintiffs' Motion *in Limine* to Limit the Testimony of Defendant's Medical Expert, Scott G. Cutler, M.D., (Dkt. 42), is **GRANTED as agreed by the Parties during the hearing**. Dr. Cutler may not offer an opinion or conclusion that any procedures Plaintiffs underwent were medically unnecessary or unreasonable. Dr. Cutler may testify that he did not share the same opinions as Plaintiffs' doctors concerning the assessments of Plaintiffs' injuries.

2. Defendant's Omnibus Motion *in Limine*, (Dkt. 73), is **DENIED IN PART as stated at the hearing**.

    a. Defendant's request to exclude evidence of Defendant's decision not to discipline its employee-driver, Kyla Hullick, following the accident is **DENIED**.

    b. Defendant's request to preclude testimony regarding the relationship between Defendant's expert witnesses and Defendant's insurer is **DENIED**. See Allstate Ins. Co. v. Boecher, 733 So. 2d 993, 997 (Fla. 1999) ("A jury is entitled to know the extent of the financial connection between the party and the witness, and the cumulative amount a party has paid an expert during their relationship."); Springer v. West, 769 So. 2d 1068, 1069 (Fla. 5th DCA 2000) ("Although petitioner argues that Boecher does not apply, because the interrogatories in this case seek information regarding the relationship between his insurer, a nonparty, and the expert, whereas in Boecher, the insurer was a party, we reject that argument. Where an insurer provides a defense for its insured and is acting as the insured's agent, the insurer's relationship to an expert is discoverable from the insured."); Dodgen v. Grijalva, 331 So. 3d 679, 685 (Fla. 2021) (approving of the Fifth District Court of Appeal's ruling in Springer). To prevent

2

   the disclosure of the existence of insurance, the question should be posed as to how much the witness is being paid by the Defendant and/or its agents.

   c. All other requests contained in the Motion are preserved for resolution at trial, if appropriate.

3. Defendant's Motion *in Limine* on Spoliation of Evidence, (Dkt. 74), is **GRANTED**. The Court finds Plaintiffs engaged in spoliation and the circumstances support a finding of bad faith, which the Court so finds. See Bashir v. Amtrak, 119 F.3d 929, 931 (11th Cir. 1997); Swofford v. Eslinger, 671 F. Supp. 2d 1274, 1280–82 (M.D. Fla. 2009); Wilsey v. NCL (Bahamas) Ltd., No. 16-25167, 2017 WL 7803804, at *2 (S.D. Fla. Nov. 3, 2017). Accordingly, the Court will instruct the members of the jury that Plaintiff Young was under a preservation order not to destroy or dispose of the vehicle. He did so, and, therefore, the jury may infer the brake lights of the Honda were inoperable at the time of the accident. Plaintiffs are free to offer evidence, if they have any, that the brake lights were operable, but they will be subject to vigorous cross examination by Defendant, including concerning the failure to preserve the vehicle as required by the preservation letter.

4. Defendant's Motion *in Limine* for Retroactive Application of Florida Statute § 768.0427, (Dkt. 75), is **DENIED**.

5. Defendant's Motion *in Limine* Regarding Plaintiffs' Experts, (Dkt. 76), is **GRANTED IN PART and DENIED IN PART**.

    a. Upon review of Defendant's Supplement to [the] Motion *in Limine* Regarding Plaintiffs' Experts, (Dkt. 92), Defendant's request to depose Dr. Shaun Notman made during the hearing, which had previously been **GRANTED**, is **DENIED**. Defendant had more than an ample opportunity to seek the deposition before the eve of trial.

    b. However, Defendant's Motion is **GRANTED** to the extent Plaintiffs seek to elicit opinion testimony from Dr. Notman that is not based on Dr. Notman's or Dr. James's treatment of Plaintiffs. See U.S. v. Henderson, 409 F.3d 1293, 1300 (11th Cir. 2005) (citations omitted) (noting a treating physician's opinion as to the cause of injuries "was not helpful to a clear understanding of her decision making process, nor did it pertain to [the] treatment," and concluding the physician's "statement about the cause of the injury was, as she admitted, a 'hypothesis[,]' [a]nd the ability to answer hypothetical questions is '[t]he essential difference' between expert and lay witnesses"); Worley v. Carnival Corp., No. 21-23501, 2023 WL 3016914 (S.D. Fla. Apr. 20, 2023) (precluding treating physicians from testifying as to causation, permanency of injuries, and the need/cost of future medical care because the physicians'

4

>Rule 26(a)(2)(C) disclosures "merely list[ed] the topics of possible opinions [the doctors] might render without disclosing the actual opinions or tethering them to the specific facts of the case"). Dr. Notman may testify as to his treatment of Plaintiffs and, in his capacity as Dr. James's supervisor, Dr. James's treatment of Plaintiffs. Dr. Notman may also testify as to the permanency of Plaintiffs' injuries to the extent he can lay a proper foundation for his opinion on the matter. Furthermore, Dr. Notman may testify as to Plaintiffs' need for future medical care to the extent he can lay a proper foundation for his opinion. The Court takes under advisement whether Dr. Notman will be allowed to testify as to the cost of future medical care.

6. Defendant's Motion *in Limine* Regarding Post-Surgery Photographs and "Surgical Sample" Video(s), (Dkt. 77), is **GRANTED IN PART and DENIED IN PART**. Defendant's request to exclude the post-surgery photos is **DENIED**. The Motion is **GRANTED** to the extent that Plaintiffs seek to introduce, as a demonstrative aid, any video evidence of an exemplar surgery. The Court finds that its probative value, especially since it is being used solely as a demonstrative aid, is far outweighed by the potential prejudicial effect.

7. Plaintiffs' Omnibus Motion *in Limine*, (Dkt. 78), is **GRANTED IN PART and DENIED IN PART as stated at the hearing**.

    a. Plaintiffs' request to exclude testimony regarding Plaintiffs' destination at the time of the accident is **GRANTED**. Defendant may not introduce evidence, elicit testimony, or make any reference as to the fact that at the time of the accident, Plaintiffs were in route to the Sarasota courthouse to attend a court-ordered DUI class related to previous DUI convictions. Defendant may simply elicit testimony that the Plaintiffs were on their way to an important appointment. If the Plaintiffs deny this, the Court will revisit the motion.

    b. Plaintiffs' request to exclude evidence that Plaintiff Young was not employed in the five years before the accident is **GRANTED**, subject to Defendant's right to introduce this evidence in the event Plaintiffs offer evidence concerning Plaintiff Young's inability to perform certain work-related activities following the accident.

    c. Plaintiffs' request to exclude evidence of the incident between Plaintiff Young and his neighbor, during which the neighbor lunged at Plaintiff Young during a verbal altercation on October 31, 2020, is **DENIED**.

   d. All other requests contained in the Motion are preserved for resolution at trial, if appropriate.

8. Plaintiffs' Motion for Judicial Notice of Florida Statutes, (Dkt. 81), is **GRANTED**.

9. The Court has taken under advisement Plaintiffs' Daubert Motion to Exclude or Limit the Testimony of Defendant's Medical Billing Expert, Keyona White, (Dkt. 40), and Plaintiffs' Motion to Limit Testimony of Defendant's Expert Ming Xiao, Ph.D. (Dkt. 43) The Court will instruct as to the parameters of these witnesses' testimony at trial after their *voir dire* by counsel for both Parties.

10. This case is **CONTINUED** from the **July 2024 Trial Term to a date certain, eight-day trial, beginning August 12, 2024**.

11. All exhibits are to be appropriately pre-marked, in accordance with Local Rule 3.07, Middle District of Florida. In addition, a three-ring binder containing courtesy copies of all exhibits, properly pre-marked, shall be provided to the Courtroom Deputy Clerk the morning of trial for the Court's use.

12. All persons entering the Courthouse must present photo identification to Court Security Officers. Counsel are permitted to bring into the courthouse electronic devices in accordance with the procedures set forth in the standing Order of this Court: In re: Possession and Use of Personal Electronic Devices in Federal Courthouses in the Middle District of

Florida, 6:13-mc-94-Orl-22 (October 1, 2013).

**DONE** and **ORDERED** in Tampa, Florida, this 7th day of June 2024.

_____
MARY S. SCRIVEN
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel of Record
Any Unrepresented Person

8