# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

**FRED YOUNG and JEFF FIRMAN,**

    **Plaintiffs,**

**v.**                                          **Case No: 8:22-cv-2894-MSS-CPT**

**PANERA, LLC,**

    **Defendant.**

_____

## ORDER

    **THIS CAUSE** comes before the Court for consideration of Plaintiffs' Motion for Reconsideration (the "Motion"). (Dkt. 97) In the Motion, Plaintiffs contend they have secured additional evidence not available at the time of the Court's hearing on May 30, 2024, during which the Court granted Defendant's Motion *in Limine* Regarding Spoliation of Evidence. (Dkt. 74) At the hearing, and after full briefing of the issue by the Parties and with the benefit of argument, the Court found that the circumstances surrounding Plaintiff Young's disposal of the car involved in the accident that is the subject of this lawsuit supported a finding of spoliation in bad faith. Therefore, the Court decided that the jury would be so informed and would be allowed, but not required, to infer that the brake lights of the car were inoperable at the time of the accident. Plaintiffs argue the Court should reconsider and reverse this ruling based on alleged new evidence presented in the Motion. Upon consideration of all relevant filings, case law, and being otherwise fully advised, the Court **DENIES**

Plaintiffs' Motion.

Plaintiffs provide no new evidence, that is, evidence that was not available at the time the motion was heard before the Court. Even if the Court were to consider the evidence as new, it would not alter the results. Defendant sent a written preservation letter. Plaintiffs were under a legal obligation to preserve evidence. Plaintiffs did not seek permission to dispose of the vehicle or give notice that it was going to be sold. Plaintiff Young sold the car to a junkyard. The previous inspection for purposes of assessing the value of the car, which report Plaintiffs' counsel shared with the Court at the hearing, did not substitute for the evidentiary need to preserve the vehicle for discovery purposes.

Accordingly, the Court **ORDERS** that Plaintiffs' Motion for Reconsideration, (Dkt. 97), is **DENIED**.

**DONE** and **ORDERED** in Tampa, Florida, this 26th day of June 2024.

MARY S. SCRIVEN
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel of Record
Any Unrepresented Person