## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

**FRED YOUNG and JEFF FIRMAN,**

     **Plaintiffs,**

**v.**                                **Case No: 8:22-cv-2894-MSS-CPT**

**PANERA, LLC,**

     **Defendant.**

_____

## <u>ORDER</u>

**THIS CAUSE** comes before the Court for consideration of Plaintiffs' Daubert Motion to Exclude or Limit the Testimony of Defendant's Medical Billing Expert, Keyona White (the "Motion"), (Dkt. 40), and Defendant's response thereto. (Dkt. 48) Upon consideration of all relevant filings, case law, the Parties' arguments at the pretrial conference held before the Court on May 30, 2024, and being otherwise fully advised, the Court **ORDERS** that the Motion is **GRANTED**.

Plaintiffs argue Ms. White's testimony should be excluded for the following reasons:

- Courts throughout the Eleventh Circuit (including the Eleventh Circuit Court of Appeals) have routinely excluded medical billing experts under Daubert and F.R.E. 403 because the testimony is irrelevant, unhelpful to the jury, and because coding "experts" are generally unqualified to testify as to the reasonable charges for the myriad medical procedures involved in injury cases;

- Ms. White's source data and testimony is not relevant, and any minimal probative value that does exist is substantially outweighed by the danger of unfair prejudice, confusion of the issues, and misleading the jury;

- Ms. White's testimony is merely a conduit for inadmissible hearsay, and its admission would require Plaintiffs to either violate the collateral source rule by explaining their lack of health insurance, or to call each medical provider (17 in total) as witnesses to defend their billing practices; and

- Allowing Ms. White's testimony would be akin to forcing Plaintiffs to defend their providers in a third-party indemnity action.

The Court agrees. Ms. White is a coding expert. She has no expertise in the reasonableness of medical procedures or their associated costs. She offers no opinion that any bills submitted were fraudulent or billed under incorrect codes such that a correct code would yield the accurate billing value for the services rendered. Cf. State Farm Mut. Auto. Ins. Co. v. Bowling, 81 So. 3d 538, 541 (Fla. 2d DCA 2012) (reasoning that a medical coding expert may testify about "whether the bills submitted by [the] medical providers accurately reflect the care documented in the medical records of those same providers").

Moreover, the data underlying her opinions is drawn from national averages or mean billing rates across a number of reimbursement scenarios (*i.e.*, Medicare, insurance, self-pay, etc.). Defendant, it seems, does not intend to call a witness to opine that Plaintiffs should have shopped around to find the least expensive fees for the

medical services or treatments they were prescribed. Additionally, the mean billing rates Defendant proposes the jury should consider appear skewed by a myriad of factors, including Medicare billing requirements, insurance rates paid for the service rendered, and geographical differences in rates charged. Thus, the Court is not persuaded that those mean billing rates could assist the jury in determining that Plaintiffs' bills were unreasonable for the purpose of permitting Defendant to argue that Plaintiffs should not be compensated for the amounts they were charged by their physicians.

If this testimony were admitted, the trial would devolve into side disputes about the fairness of the various providers' billing practices—practices over which Plaintiffs had no control. This would be extremely confusing to the jury.  The danger of unfair prejudice on these points would far outweigh any probative value the average or mean coding values would offer in this simple car accident case. Castellanos v. Target Corp., 568 F. App'x 886, 886 (11th Cir. 2014);[1] Hughes v. Wal-Mart Stores East, LP, No. 22-cv-60911, 2023 WL 3204662 (S.D. Fla. May 2, 2023); Frushtick v. FeroExpress Inc., No. 18-cv-2891, 2022 WL 824239, at *4 (N.D. Ga. Mar. 18, 2022); Esteban-Garcia v. Wal-Mart Stores East LP, No. 21-cv-23831, 2022 WL 15493702, at *3 (S.D. Fla. Oct. 14, 2022); Campo v. United States, No. 18-cv-80946, 2020 WL 774286, at *3 (S.D.

---

[1] The Court notes that "[a]lthough an unpublished opinion is not binding on this court, it is persuasive authority. See 11th Cir. R. 36-2." United States v. Futrell, 209 F.3d 1286, 1289 (11th Cir. 2000). Where cited here, any unreported decision of a panel of the Circuit is considered well-reasoned and is offered as persuasive, not binding.

Fla. Jan. 13, 2020); <u>Maluff v. Sam's East, Inc.</u>, No. 17-cv-60264, 2017 WL 5290879, at *1 (S.D. Fla. Nov. 9, 2017).

Additionally, Defendant has not raised a defense of collusion or fraud in the submission of medical bills, and Ms. White is not offered as a witness on that issue.

Finally, Defendant has secured a medical expert, Dr. Scott Cutler, it plans to call to offer opinions on several issues, including the reasonableness of the amounts charged for Plaintiffs' treatments. (Dkt. 42-1) If Ms. White were qualified to testify on that point, which she is not, any testimony she would offer would be cumulative and, for that reason as well, would be unduly prejudicial.

Accordingly, the Court **ORDERS** that Plaintiffs' Daubert Motion to Exclude the Testimony of Defendant's Medical Billing Expert, Keyona White, (Dkt. 40), is **GRANTED**.


**DONE** and **ORDERED** in Tampa, Florida, this 1st day of August 2024.

MARY S. SCRIVEN
UNITED STATES DISTRICT JUDGE


**Copies furnished to:**
Counsel of Record
Any Unrepresented Person